IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VIVALDI MUSIC ACADEMY, LLC** | § | Case No. 19-33978-H3 |
| | § | |
| Debtor. | § | Chapter 11 |

**DEBTOR'S EMERGENCY MOTION FOR (I) INTERIM USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) (II) GRANTING ADEQUATE PROTECTION FOR THE USE OF CASH COLLATERAL AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 <u>AS TO USE OF CASH COLLATERAL</u>**

**THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT SETS THIS MOTION FOR AN EMERGENCY HEARING, ATTENDANCE AT THIS HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**To the Honorable Eduardo V. Rodriguez:**

Vivaldi Music Academy, LLC (hereinafter "<u>VMA</u>"), Debtor and Debtor-in-Possession, by and through its undersigned proposed counsel, hereby files this emergency motion (the "<u>Motion</u>"),

for interim and final orders (i) authorizing the use of cash collateral of existing and purported Secured Lenders pursuant to 11 U.S.C. § 363(c), (ii) granting adequate protection for the use of cash collateral, and (iii) scheduling a final hearing pursuant to Bankruptcy Rule 4001 as to the use of cash collateral.  In support thereof, the VMA would show as follows:

## SECTION I
## JURISDICTION & VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and Section 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b).  Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## SECTION II
## STATEMENT OF THE CASE

2. VMA filed a voluntary petition for relief on July 18, 2019 under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").  The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3. Pursuant to Bankruptcy Code 1107(a) and 1108, the Debtor is operating and managing its property as Debtor-in-Possession.  No trustees or examiners have been appointed in this case.

### History and Background of Vivaldi Music Academy, LLC

4. VMA is a Texas limited liability company incorporated on June 25, 2012.  VMA is a manager managed limited liability company whose manager is Zeljko Pavlovic ("Pavlovic"), who has managed VMA since its inception and is also the sole member.  VMA provides private music lessons in stringed instruments and private voice lessons in the Memorial and West

University areas in Houston, Texas and operates three locations. VMA employs roughly 44 faculty members.

5.    VMA's financial difficulties were initially caused by Hurricane Harvey as two of its locations were severely damaged by the storm and it was forced to enter into short term, high interest financing order to repair those locations. While VMA has increased cash flow, VMA has been burdened by these high interest merchant loans causing VMA to default on certain financial obligations within the last year. And as a result of the default, VMA had some of its financial accounts frozen and seized from several of its lenders. VMA filed this bankruptcy case under an emergency basis in order to stay further seizure and to reorganize its liabilities owed to its lenders. VMA is currently in the process of completing its schedules and disclosures but it estimates its assets to be around $340,000.00. The following table represents VMA's known lenders (hereinafter the "Secured Lenders") asserting liens on VMA's property:

| Secured Lender | Claim[1] | Collateral |
|---|---|---|
| Marlin Business Bank<br>Filing No. 17-0038832860 | Unknown | Grand Piano |
| CHTD Company<br>Filing No. 18-001472851 | Unknown | All after acquired property |
| Regions Bank<br>Filing Nos. 18-0014418128 & 18-0035954035, & 16-0032929385 | Unknown | Inventory, accounts, & equipment |
| Corporation Service Company<br>Filing No. 19-0003140543 | Unknown | Unknown |
| Corporation Service Company<br>Filing No. 15-0001096454 | Unknown | Desk and Piano |
| American Express<br>Filing No. 16-0009719730 | Unknown | Now and after acquired property |
| CT Corporation Systems<br>Filing No. 16-0015459334 | Unknown | Unknown |
| CT Corporation Systems<br>Filing No. 16-0019200665 | Unknown | Now and after acquired property |

---

[1] VMA is still in the process of determining the amounts owed to the Secured Lenders.

Emergency Motion to Use Cash Collateral
Vivaldi Music Academy, LLC 19-33978-H3                                                                                    3 | P a g e

## SECTION III
## RELIEF REQUESTED

6. Pursuant to Bankruptcy Rule 4001(b), VMA seeks authority to use Cash Collateral (as defined below) of its Secured Lenders. VMA seeks to use cash collateral as working capital in the operation of its business for the purposes specified in, and at least for the period defined in, the attached budget. As adequate protection for the diminution in value of cash collateral, the VMA will (i) provide monthly adequate protection payments, (ii) maintain the value of its business as a going-concern, (iii) provide replacement liens upon now owned and after-acquired cash to the extent any diminution in value of cash collateral, and (iv) provide superpriority administrative claims to the extent any diminution of value of cash collateral.

7. As a result of the prepetition secured financing described above, certain cash in the VMA's possession or in which the VMA has an interest in on and after the Filing Date constitutes asserted cash collateral ("Cash Collateral") in which VMA's Secured Lenders may assert an interest within the meaning of § 363(a) of the United States Bankruptcy Code.

8. By this Motion, pursuant to § 105, 361, and 363 and Bankruptcy Rules 2002, 4001, and 9014, VMA requests that the Court enter an order (i) approving VMA's use of Cash Collateral, (ii) providing adequate protection for, and to the extent of, any diminution in value of the Cash Collateral, and (iii) scheduling a final hearing ("Final Hearing") for this Court to consider entry of a final order ("Final Order") authorizing and approving the relief requested in this Motion.

## SECTION IV
## BASIS FOR RELIEF

9. Pursuant to 11 U.S.C. § 363(c)(2), a VMA may use cash collateral if each entity that has an interest in the cash collateral consents or if the Court, after notice and hearing, authorizes the use of cash collateral. Pursuant to 11 U.S.C. § 363(c)(3), the Court must condition

VMA's use of cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party.

10.     Bankruptcy Rule 4001(b) and (d) provide the procedure for consideration of motions to use cash collateral and expedited consideration of such motions for cases where immediate interim relief may be crucial to a successful reorganization.

11.     VMA bears the burden of proof on the issue of adequate protection, and the party claiming an interest in the cash collateral bears the burden of proof on the issue of validity, priority, or extent of the lien.

### A.     VMA's inability to use Cash Collateral will result in Immediate and Irreparable Harm

12.     As of the Filing Date, VMA did not have sufficient unencumbered cash to fund its ongoing business operations.  Therefore, VMA has an urgent need for the immediate use of Cash Collateral pending a final hearing on this Motion.

13.     Without authority to use Cash Collateral, VMA will be unable to function as a going concern and will not be able to proceed to consideration of a plan of reorganization.  Accordingly, authority to use Cash Collateral is necessary to avoid the demise of the VMA's business, and will be in the best interests of the VMA, its estate, and its creditors.

### B.     Proposed Adequate Protection for Secured Lenders is Sufficient

14.     Through this Motion, VMA intends to provide adequate protection, to the extent of the aggregate diminution in value of Cash Collateral from and after the Filing Date, to its Secured Creditors for the use of Cash Collateral by:

> a.     providing monthly adequate protection payments and the existing equity cushion in the asserts which secure VMA's indebtedness to its Secured Lenders;

      b.      maintaining the going concern value of its Secured Lenders' collateral by using the Cash Collateral to continue to operate the business and administer the case;

      c.      provide to the Secured Lenders a post-petition replacement lien pursuant to 11 U.S.C. § 361(2) in the account receivables of the VMA, including cash generated or received by the VMA subsequent to the Filing Date, but only to the extent that the Secured Lenders had valid, perfected prepetition liens and security interests in such collateral as of the Filing Date. The priority of any postpetition replacement granted to the Secured Lenders shall be the same as existed of the Filing Date; and

      d.      providing to the Secured Lenders a superpriority claim pursuant to 11 U.S.C. § 507(b) over all administrative expense claims and unsecured claims, of any kind or nature whatsoever, whether in existence on or arising after the Filing Date.

15. Additionally, through this Motion, VMA intends to provide further adequate protection, to the extent of any diminution in value, to the Secured Lenders for the use of Cash Collateral by providing to the Secured Lenders postpetition replacement liens pursuant to 11 U.S.C. § 361(2) in account receivables, including cash generated or received by the VMA subsequent to the Filing Date, but only to the extent the Secured Lenders had value, perfected prepetition liens and security interests in such collateral as of the Filing Date. The priority of any postpetition replacement liens granted to the Secured Lenders shall be the same as existed as of the Filing Date.

## SECTION V
## REQUEST FOR EMERGENCY INTERIM & FINAL RELIEF

16. An immediate need exists for VMA to obtain approval for the use of Cash Collateral in order to meet vital expenses as described above and as identified in the interim budget ("<u>Interim Budget</u>[2]"). Without the immediate use of Cash Collateral for an interim period VMA

will be forced to shut down its business and close its doors, which would severely diminish the VMA's going concern value and ability to create value for all creditors.

17. A basis for emergency relief exists because VMA faces immediate and irreparable harm to the estate absent emergency consideration of the relief requested in this Motion. The immediate use is necessary and will stabilize VMA's operations and revenue by paying ordinary, postpetition operating expenses, as well as any court approved prepetition expenses. As a result, if an emergency hearing is not set, VMA will be unable to operate.

## SECTION VI
## REQUEST FOR FINAL HEARING

18. Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the VMA also requests that this Court set a date for a final hearing that is as soon as practicable and to fix a date and time prior to the Final Hearing for parties to file objections to this Motion.

## SECTION VII
## NOTICE

19. Notice of this Motion has or will be provided by electronic mail or First Class Mail on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) all known or alleged secured creditors, (iii) the largest 20 unsecured creditors of VMA, (iii) all known shareholders holding over 5% of a class of equity interests in VMA, and (iv) any persons who have filed a request for notice pursuant to Bankruptcy rule 2002.

WHEREFORE, VMA Ventures, LLC requests that this Court enter an order granting the relief requested in this Motion, and such other and further relief as it may be just and proper.

Dated: July 18, 2019

                Respectfully submitted,

                **CORRAL TRAN SINGH, LLP**

By: /s/Susan Tran
Adam Corral | TBN: 24080404
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
1010 Lamar St., Suite 1160
Houston TX 77002
Ph: (832) 975-7300
Fax: (832) 975-7301
Susan.Tran@ctsattorneys.com

**PROPOSED ATTORNEYS FOR
VIVALDI MUSIC ACADEMY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019 the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice and parties requesting notice were served via CM/ECF.

/s/Susan Tran
Susan Tran

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on July 18, 2019, by electronic delivery by the clerk of the Bankruptcy Court.

/s/Susan Tran
Susan Tran