## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| VIVALDI MUSIC ACADEMY, LLC | § | Case No. 19-33978-H3 |
| | § | |
| Debtor. | § | Chapter 11 |

## ORDER
(Relates to Docket No. ___)

CAME ON for consideration the Application to Employ Corral Tran Singh, LLP ("CTS") as Counsel for the Debtor Pursuant to 11 U.S.C. § 327(a) (the "Application") and the Declaration of Susan Tran (the "Declaration") submitted in support of the Application; the Court hereby finds that based upon the representations made in the Application and Declaration: (i) Corral Tran Singh, LLP represents no interests adverse to the Debtor's estate or its creditors with respect to the matter upon which it is to be engaged; (ii) Corral Tran Singh, LLP is a "disinterested person" as that term is defined under § 101(14) of the Bankruptcy Code as provided and disclosed in the Application and Declaration; and (iii) the employment of Corral Tran Singh, LLP is necessary and is in the best interests of the Debtor's estate; it is therefore

**ORDERED** that the Application is GRANTED; and

**ORDERED** that, in accordance with § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain Corral Tran Singh, LLP to represent the Debtor as general bankruptcy counsel in this case under Chapter 11 of the Bankruptcy Code.

**ORDERED** that Susan Tran shall be, and is, designated as attorney in charge for these matters.

**ORDERED** that subject to further court approval as to amounts, and upon fee application, Debtor shall be authorized to compensate CTS in accordance with its normal billing practice and reimburse CTS for its necessary disbursement and expenses. The allowed fees, disbursements and expenses of CTS shall constitute administrative expenses of the Debtor's estate. It is further

**ORDERED** that CTS may submit interim fee applications every 60 days.

Reserved for Judge's Signature